UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN L. RUTHERFORD | CIVIL ACTION |
| VERSUS | NO. 09-5436 c/w<br>09-5917<br>09-6514<br>09-6114<br>09-6115 & 09-6116 |
| EMPLOYMENT STANDARD ADMINISTRATION, ET AL. | SECTION "N" (2) |

# ORDER

Presently before the Court are various motions filed in these consolidated actions by Plaintiff, Steven L. Rutherford, and the defendants. *See* Rec. Docs. 8-14, 22, 26, 28-29, and 33. As stated herein, **IT IS ORDERED** that the motions to dismiss that were filed by the defendants (Rec. Docs. 14, 22, 26, and 28-29) are **GRANTED**. Accordingly, **IT IS ORDERED** that Plaintiff's claims against the Department of Labor ("DOL"), the United States Postal Service, the United States Postal Inspection Service, the United States Department of Justice, and various divisions of the Department of Labor – the Employment Standard Administration Office of Workers Compensation, the Branch of Hearing and Review, and the Employees Compensation Appeals Board – alleging improper determination of his federal worker's compensation claim, are **DISMISSED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that Plaintiff's "failure to investigate" claims

1

against the United States Department of Justice, Jim Letten, United States Attorney for the Eastern District of Louisiana, and Thomas L. Watson, Assistant United States Attorney and Chief of the United States Attorney's Office for the Eastern District of Louisiana, are **DISMISSED WITH PREJUDICE**.[1] Finally, given the dismissal of Plaintiff's claims in these consolidated actions, and that they otherwise lack merit, **IT IS ORDERED** that the motions filed by Plaintiff (Rec. Docs. 8-13 and 33) are **DENIED** as **MOOT**.

Plaintiff asserts claims alleging, in essence, error in the DOL's Office of Workers Compensation Program's ("OWCP") administrative adjudication of his claim for compensation benefits under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §8102(a), for his work-related injuries. Benefits paid pursuant to that statute are a federal employee's exclusive remedy against the United States and its instrumentalities for such injuries. *See* 5 U.S.C. § 8116(c). FECA vests the Secretary of the Department of Labor with authority to administer and decide all questions arising under the statute. *See* 5 U.S.C. §§ 8145 and 8149. The Secretary of Labor, however, has delegated that power to the Director of the OWCP, who, thus, is responsible for FECA's administration and implementation. *See* 20 C.F.R. § 10.2.

Under FECA, determinations of benefits by OWCP are not subject to judicial review. *See* 5 U.S.C. § 8128(b); *Smith v. Nicholson*, 287 Fed. Appx. 402, 404 (5th Cir. 2008); *Benton v. United States*, 960 F. 2d 19, 22 (5th Cir. 1992).[2] A limited exception to this preclusion of judicial

---

[1] These claims are those asserted in the member case bearing civil action number 09cv5917.

[2] Section 8128(b) of Title 5 of the United States provides:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is –
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and

2

review is recognized with respect to "substantial" constitutional claims. *See, e.g.*, *Ramirez v. Walker*, 199 Fed. Appx. 302, 307-08 (5th Cir. 2006); *Benton*, 960 F.2d at 22; *Grijalva v. United States,* 781 F.2d 472, 474 (5th Cir.), *cert. denied*, 479 U.S. 822, 107 S. Ct. 89 (1986). For essentially the reasons stated by the federal entity defendants in their motions and supporting memoranda, however, Plaintiff's complaint does not allege a substantial constitutional claim. Plaintiff's vague, conclusory references in his complaint to the First Amendment of the Constitution and his "civil rights," and his attaching a list of the Bill of Rights to the Constitution to his responsive memorandum, are not sufficient. *See, e.g., Ramirez*, 199 Fed. Appx at 307 ("Merely affixing a constitutional label to an otherwise precluded claim will not suffice."). Thus, this Court is without jurisdiction over Plaintiff's claims seeking judicial review and remedy of OWCP's determination of his request for additional disability compensation benefits.

Plaintiff also has brought claims against the United States Department of Justice, Jim Letten, United States Attorney for the Eastern District of Louisiana, and Thomas L. Watson, Assistant United States Attorney and Chief of the United States Attorney's Office for the Eastern District of Louisiana. Specifically, Plaintiff claims that these defendants wrongfully failed to investigate and pursue civil rights violations that allegedly occurred in connection with the administrative determination of his claim for worker's compensation disability benefits.

These defendants argue that Plaintiff's claims against them are legally without merit and should be dismissed. The Court agrees. For essentially the reasons stated by the defendants, the Justice Department, the United States Attorneys, and their assistants do not represent individual claimants as plaintiffs against the federal government. Further, to the extent that Plaintiff arguably

---

(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

seeks recovery from United States Attorney Letten and/or Assistant United States Attorney Watson in their individual, as opposed to official, capacities, his claims are precluded by qualified immunity. Specifically, Plaintiff has not established that these individual defendants, in performing their discretionary functions, violated a clearly established constitutional right and that the conduct was objectively unreasonable in light of clearly established law. *See, e.g., McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002)(en banc); *Cozzo v. Tangipahoa Parish Council-President Gov't,* 279 F.3d 273, 284 (5th Cir. 2002). To the contrary, the Court finds Plaintiff's allegations insufficient to allege any violation of a constitutional right. In short, Plaintiff's dissatisfaction with these defendants' response to his request for redress does not entitle him to a legal remedy against them.

New Orleans, Louisiana, this 30th day of August 2010.

**KURT D. ENGELHARDT**
**United States District Judge**